F I L E D
United States Court of Appeals
Tenth Circuit

FEB 13 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FRONTIER REFINING, INC., a
Wyoming corporation;
COMMERCIAL UNION
ASSURANCE COMPANY, PLC;
OCEAN MARINE INSURANCE
COMPANY, NORTHERN
ASSURANCE COMPANY, LTD;
INDEMNITY MARINE ASSURANCE
COMPANY, LTD; SIRIUS (UK)
INSURANCE PLC, UNI
STOREBRAND
SKADEFORSIKRING, CODAN
INSURANCE, HOUSTON
CASUALTY INSURANCE
COMPANY, GJENSIDEGE
FORSIKRING, HULL AND
COMPANY and ALEXANDER
HOWDEN ENERGY, INC.,

        Plaintiffs,

v.

GORMAN-RUPP COMPANY, INC.,

        Defendant-Appellee.

- - - - - - - - - - - - - - - - -

JOE M. TEIG and HOLLAND &
HART,

        Movants-Appellants.

No. 96-8015
(Dist. of Wyoming)
(D.C. No. 94-CV-172)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **HENRY,** and **MURPHY**, Circuit Judges.

This case arises out of a related appeal, *Frontier Refining Inc. v. Gorman-Rupp Co.*, No. 96-8014. In that case, Frontier Refining Inc. ("Frontier") brought an indemnity action against Gorman-Rupp Co. ("Gorman-Rupp'), claiming that a pump manufactured by Gorman-Rupp caused a fire and explosion at Frontier's Cheyenne, Wyoming refinery. Frontier sought to recover approximately $19.25 million it paid in settlement of claims brought by victims of the fire and explosion. Joe Teig and Holland & Hart represented Frontier in the underlying, settled litigation.

During the subsequent indemnity action brought by Frontier against Gorman-Rupp, the district court ordered Holland & Hart to divulge documents relating to the underlying litigation. Holland & Hart claimed the documents were protected by the attorney-client privilege and work product doctrine. The district court also ordered Teig to answer questions in deposition and to testify at trial regarding communications and documents he claimed were privileged and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

protected by the work product doctrine. Teig and Holland & Hart complied with the orders. Following trial, Teig and Holland & Hart brought this appeal, challenging the district court's attorney-client and work product rulings.[1]

Based on our conclusion in *Frontier Refining Inc. v. Gorman-Rupp Co.*, No. 96-8014, that the district court erred in compelling disclosure of the privileged materials and work product and that the issue need not be revisited on remand, we conclude that this appeal is moot. *United States v. Lang*, 81 F.3d 955, 967 n.6 (10th Cir. 1996); *Longley v. Holahan*, 34 F.3d 1366, 1367 (8th Cir. 1994). Accordingly, this appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]This court previously concluded, in a written order, that this case should be submitted on the briefs without oral argument.